IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA COLVARD and
HARRY TURNBULL,

       Plaintiffs/Counter-Defendants,
vs.                                               CIVIL NO. 98-1374 LFG/JHG

MARKEL AMERICAN INSURANCE COMPANY,

       Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiffs' opposed motion for leave to file a First Amended Complaint [Doc. 20]. Oral argument is not necessary. This matter may be decided on the parties' submissions.

The present lawsuit arose out of a dispute concerning insurance coverage. Plaintiffs' home was destroyed in a fire. Plaintiffs contend that it was a covered loss. Defendant declined coverage, canceled Plaintiffs' policy, allegedly due to Plaintiffs' fraud and misrepresentation in the application, and returned previously paid premiums. Plaintiffs filed suit in state court in October 1989, and the lawsuit was subsequently removed to federal court.

In Count I of the original complaint, Plaintiffs contend that Defendant breached the contract of insurance, including the implied covenant of good faith and fair dealing. Count II is captioned "Reliance." However, since there is no cause of action for "reliance," it is unclear what Plaintiffs seek in this count. Defendant surmised that Plaintiffs intend to state a cause of action for fraud or misrepresentation because reliance is an element of either of those claims.

Count III alleges Defendant breached its fiduciary duty to Plaintiffs; County IV seeks to state claims, alternatively, for a bad-faith refusal to provide coverage and for a violation of NMSA 1978 § 59a-16-1, *et seq.*, the New Mexico Insurance Code. County V is captioned "Attorney Fees and Costs," which are requested alternatively under the New Mexico Insurance Code, § 59a-16-1, or under § 39-2-1, the New Mexico Unfair Trade Practices Act. However, nowhere in the complaint do Plaintiffs assert a claim under New Mexico's Unfair Trade Practices Act.

In accord with the district's Civil Justice Expense and Delay Reduction Plan, this case was assigned to a "standard" case management track. Pursuant to the Court's scheduling order, the close of discovery is July 29, 1999; the deadline for filing motion packages is August 31, 1999; a pretrial conference is set for September 28, 1999; and a jury trial is set for November 1, 1999.

On April 30, 1999, Plaintiffs sought Defendant's consent to file a First Amended Complaint. Defendant declined consent and, consequently, the Plaintiffs' motion package seeking to amend the complaint was filed on June 4, 1999.

## Analysis

Fed. R. Civ. P. 15 provides in relevant part that leave to amend a pleading shall be freely given when justice so requires. This language is generally construed to mean that while there is no absolute right to amend a complaint, unless there are significant countervailing interests, the Court should authorize the filing of an amended pleading.

Plaintiffs seek leave to amend the complaint based on the representation that during the course of discovery, they learned that the insurance application form they completed was altered by someone subsequent to the time they signed it. Plaintiffs contend that the application on file at the Torres Insurance Agency is different in one respect from the copy contained in Markel American's files. The

2

application in the Markel American files contains a mark on the form indicating that the home being insured is a new purchase, while the Torres Insurance Agency copy does not. Plaintiffs allege that a material and unilateral alteration was made on their application. As a result of this discovery, Plaintiffs seek leave to add a new claim or claims and to clarify previously filed claims.

Count I of the proposed amended complaint remains a breach of contract claim; and Count II, which was previously captioned "Reliance," is now captioned "Fraud and Reliance." Counts III and IV remain the same. Plaintiffs seek to add a new Count V, captioned "Spoilation of Evidence and Fraud in Altering of Application," together with new claims for "Negligence" that Defendant's alleged failure to correctly fill out the application breached a duty to the Plaintiffs and that the Plaintiffs suffered injury as a result. The "Attorney Fee and Costs" count is the same, and Plaintiffs now seek to assert a claim for punitive damages.

Defendant opposes the amendment, asserting pleading deficiencies even in the amended complaint, and correctly arguing that an amendment should not be permitted if the proposed amendment fails to state a claim. For example, Fed. R. Civ. P. 8 requires that claims for fraud be plead with specificity, and Defendant argues that the proposed amended complaint is deficient. Secondly, Defendant notes that Plaintiffs' proposed claim for spoilation of evidence and fraud is not in compliance with the pleading requirements of Coleman v. Eddy Potash, Inc., 120 N.M. 645, 905 P.2d 185 (1995). Finally, Defendant notes that Plaintiffs' proposed new claim for negligence appears to be a composite of claimed negligence in failing to investigate their claim of loss or negligence in correctly filling out the application. Defendant correctly notes that the claim of negligence against an insurance company is not a cognizable claim in New Mexico. Ambassador Ins. Co. v. St. Paul Fire & Mar. Ins. Co., 102 N.M. 28, 690 P.2d 1022 (1984); American Employers' Ins. Co. v. Crawford,

3

87 N.M. 375, 533 P.2d 1203 (1975).  Plaintiffs do not specifically address any of these issues in their reply brief.

The Court agrees with Defendant that Plaintiffs' proposed amendment is deficient, and would not likely withstand a Fed. R. Civ. P. 12(b)(6) motion.  Equally apparent, however, is that Plaintiffs could, with adequate and correct pleading, state claims for breach of contract, fraud, spoilation of evidence, and perhaps violations of New Mexico's Insurance Code and New Mexico's Unfair Trade Practices Act.

Indeed, if the Court denied Plaintiffs' request to amend, and subsequently dismissed the present complaint or counts therein for failure to state a cause of action, such a dismissal would be without prejudice and Plaintiffs would be entitled to correct the deficient pleadings.  This would ultimately delay the final disposition of the lawsuit.  So as to expedite the handling of this case, the Court will authorize Plaintiffs ten days within which to draft a new First Amended Complaint consistent with federal pleading requirements.  Plaintiffs attention is directed to the rules of pleading, specifically Rules 8 and 9, and to the pleading elements in <u>Coleman v. Eddy Potash, Inc.</u>  Plaintiffs are further admonished not to include causes of action, i.e., "reliance," which are not cognizable causes of action in New Mexico.  Further, if Plaintiffs wish to proceed on claims for violation of New Mexico's Insurance Act or New Mexico's Unfair Trade Practices Act, Plaintiffs must adhere to the specific pleading requirements demonstrating the requisite elements for such causes of action.

The Court does not authorize Plaintiffs to state any new causes of action, but, rather, to restate and to correctly plead the causes of action sought within their proposed First Amended Complaint.

To the extend any counts contemplated are unnecessary, or unsupported by a factual predicate or not in accord with New Mexico law, they should not be included in the amended complaint.

The fact that the Court is authorizing Plaintiffs an opportunity to amend their pleadings does not constitute any judicial imprimatur on any proposed cause of action. Indeed, should the First Amended Complaint filed be deficient, Defendant may attack the pleadings by an appropriate motion under Rule 12(b)(6) or may attack the substance of the claim by appropriate motions under Rule 56.

The First Amended Complaint shall be filed within ten days of Plaintiffs' receipt of this order.

                *Lorenzo F. Garcia*
                Lorenzo F. Garcia
                United States Magistrate Judge

ATTORNEYS FOR PLAINTIFFS:
Gregory Gahan, Esq.
M. J. Keefe, Esq.

ATTORNEYS FOR DEFENDANT:
William C. Madison, Esq.
M. Eliza Stewart, Esq.
Michele U. Estrada, Esq.